**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                              Case No. 3:13-cr-58-J-34JRK

RICHARD DALE BROOKS

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Brooks' Motion To Suppress (Doc. No. 39; Motion), filed on June 10, 2013, and supplemental filings (see Doc. Nos. 55 and 68). The Government opposes Defendant's Motion. See United States' Response in Opposition to Defendant's Motion to Suppress (Doc. No. 53, Response). The Motion was referred to the Honorable James R. Klindt, United States Magistrate Judge, to conduct an evidentiary hearing and recommend an appropriate resolution. Accordingly, Judge Klindt held an evidentiary hearing on July 3, 2013.[1] See Clerk's Minutes (Doc. No. 57); Transcript of Motion to Suppress Hearing (Doc. No. 65). On October 18, 2013, Judge Klindt entered a Report and Recommendation (Doc. No. 72; Report) recommending that the Motion be denied. See Report at 3 and 28. Thereafter, Defendant filed objections to the Report, see Defendant's Objections to Report and Recommendation (Doc. No. 75; Objections), and the

---

[1] Argument on the Motion was heard on July 18, 2013. See Clerk's Minutes (Doc. No. 69). The argument was not transcribed.

Government responded,[2] see United States' Notice of No Objection (Doc. No. 76, Notice). Accordingly, this matter now is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[3]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[4] to the magistrate judge's

---

[2] The Government advises the Court that it has no objection to the Report, and in response to Defendant's Objections relies on the arguments contained in its Response to the Motion, as well as in its responses to other motions filed by Defendant (see Doc. Nos. 44, 45, and 46). The Government notes, however, that Defendant's Objections refer several times to "his wife," although he was unmarried at the time of the commission of the alleged offenses in this case. See Notice at 2. Defendant then filed [his] Response to United States' Notice of No Objection, conceding that any reference to Defendant having a wife was a typographical error. See Doc. 77 at 1.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel decisions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981, and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[4] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made,[5] the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule Defendant's Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is

**ORDERED:**

1. Defendant's Objections to Report and Recommendation (Doc. No. 75) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 72) is **ADOPTED** as the opinion of the Court.

---

[5] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

3

3. Defendant Brooks' Motion to Suppress (Doc. No. 39) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of January, 2014.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

jae

Copies to:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record