**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                                     **3:13-cr-58-J-34JRK**

**RICHARD DALE BROOKS**

_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Judgment of Acquittal (Doc. No. 133; Motion) filed on June 18, 2014. Following a three-day jury trial, on June 5, 2014, a duly empaneled jury returned a verdict finding Defendant, Richard Dale Brooks (Brooks), guilty as to Counts One through Five of the Indictment (Doc. No. 1; Indictment), not guilty as to the charge set forth in Count Six of the Indictment, but guilty as to the lesser included offense of possession of child pornography as to this charge. See Verdict Form (Doc. No. 128; Verdict). Specifically, the jury found Brooks guilty of knowingly receiving visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2) (Counts One through Five), not guilty of knowingly transporting or shipping a visual depiction of a minor engaging in sexually explicit conduct (Count Six), and guilty of the lesser included offense of knowingly possessing one or more matters containing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). See Verdict. In the Motion, Brooks requests that the Court enter a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure (Rule(s)) as to Counts One through Five of the Indictment. Motion at 1. With permission of the Court, on August 28, 2014, Brooks supplemented the Motion with references to the

trial record. See Supplement to Defendant's Motion for Judgment of Acquittal (Doc. No. 146; Supplement). The Government filed a memorandum in opposition to the Motion on September 30, 2014. See United States' Response to Defendant's Motion for Judgment of Acquittal (Doc. No. 154; Response). Accordingly, the Motion is ripe for the Court's review.[1]

## I.      Summary of the Arguments

In the Motion, Brooks argues that the Government did not present sufficient evidence to establish that he received the charged files containing child pornography "using a means and facility of interstate and foreign commerce, that is, by computer via the internet." Motion at 2-3. Instead, Brooks contends that the jury had to speculate to find that he downloaded the charged files from the internet. See id. at 3, 5-9. In response, the Government argues that there was sufficient circumstantial evidence for the jury to conclude that Brooks used file-sharing programs to receive and store child pornography, including those specific files charged in the Indictment. See generally Response.

---

[1]      At the close of the Government's case on June 4, 2014, Brooks made an ore tenus motion for judgment of acquittal pursuant to Rule 29 as to Counts One through Five of the Indictment. See Transcript of Rule 29 Motion (Doc. No. 131). The Court denied the motion in part, to the extent that Brooks sought a judgment of acquittal as to the lesser included offenses, but deferred ruling on the motion in part, to the extent that it was based on the Government's failure to satisfy the jurisdictional element of each receipt charge. See Clerk's Minutes (Doc. No. 123). On June 6, 2014, the day after the jury returned a verdict, the Court held a hearing to discuss procedural issues relating to the ore tenus motion, and indicated that it would resolve the motion after Brooks filed a written motion and the Government had an opportunity to respond. See Clerk's Minutes (Doc. No. 129). The parties have now filed their briefs, and upon review of the Motion, the Supplement, and the Response, the Court determines that these filings address the same issue Brooks raised at trial. Therefore, in resolving the instant Motion, the Court also resolves Brooks' ore tenus motion for judgment of acquittal.

**II.     Discussion**

Rule 29 provides the Court with authority, where appropriate, to enter a judgment of acquittal following a guilty verdict. Rule 29(c)(2). A motion for judgment of acquittal under Rule 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994); see also United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) ("In considering a motion for the entry of judgment of acquittal under [Rule 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction."). In ruling on a motion for judgment of acquittal, "a district court must 'determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.'" United States v. Grigsby, 111 F.3d 806, 833 (11th Cir. 1997) (quoting United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)).

Under 18 U.S.C. § 2252(a)(2), a person is subject to punishment under § 2252(b) when that person:

> knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if -- (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct.

At trial, without objection from Brooks, the Court gave the jury the following instruction as to the elements of a violation of § 2252(a)(2) as charged in Counts One through Five of the Indictment:

> With respect to each count, the Defendant can be found guilty of violating this law only if all of the following facts are proved beyond a reasonable doubt:
>
> (1) That the Defendant knowingly received a visual depiction;
>
> (2) That the depiction was shipped or transported in interstate or foreign commerce by any means, including by computer;
>
> (3) That the production of that visual depiction involved using a minor engaged in sexually explicit conduct;
>
> (4) That the depiction is of a minor engaged in sexually explicit conduct; and
>
> (5) That the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

Court's Jury Instructions (Doc. No. 127) at 14. In the Motion, Brooks contends that the Government presented insufficient evidence at trial to establish that he received the specific charged images over the internet, as opposed to having received them from another source, such as the compact discs found in his apartment. See Motion at 5-8. As such, Brooks challenges the sufficiency of the evidence as to the second element of receiving child pornography—that the charged files were shipped or transported in interstate or foreign commerce. Brooks argues that the files giving rise to Counts One through Five of the Indictment were found in independent temporary folders rather than folders that stored downloaded material. See Supplement at 2. He also contends that the same files were present on a compact disc found in his apartment and those files were created before the

files on his computers, indicating that "it was likely that some of the files came to be on the computer[s] as a result of being transferred from the CD." Id. at 3.  In the absence of adequate proof as to this element, Brooks contends that the Government failed to show that he "received child pornography, as opposed to merely possessing it."  Motion at 5.

In reviewing the sufficiency of the evidence as to the jurisdictional element of receiving child pornography, the Court notes that "[c]ircumstantial evidence may be used to prove that pornography was obtained through the internet." United States v. Dodds, 347 F.3d 893, 900 (11th Cir. 2003) (citing United States v. Hersh, 297 F.3d 1233, 1254 n. 31 (11th Cir. 2002)).  While Brooks acknowledges this authority, he contends that the Government did not produce enough circumstantial evidence to establish that he received the specific images charged in the Indictment from the internet.  See Motion at 5-7. Instead, he argues that, because the jury would have had to make inference upon inference, or a succession of inferences, to reach the conclusion that he received the charged images via the internet, the jury's conclusion was not reasonable based on the evidence.  See Motion at 7-8.

In support of his argument, Brooks cites United States v. McCarrick, 294 F.3d 1286 (11th Cir. 2002), in which the Eleventh Circuit Court of Appeals reversed a defendant's conviction for bank fraud, stating:

> Although a jury has wide latitude to determine factual issues and to draw reasonable inferences from circumstantial evidence, this power is not without limits, and this Court cannot affirm a criminal conviction by an unlimited application of a jury's "power to infer" no matter how attenuated the link between the evidence and the defendant's guilt on a necessary element of the offense of conviction.

Id. at 1293-94.  In McCarrick, the defendant obtained a business loan for his automobile repair shop which included funds for a spray paint booth, among other business expenses. See id. at 1288-89.  The defendant ultimately did not purchase the spray paint booth and was unable to repay the loan.  Id. at 1289.  Because the defendant complied with every other requirement of his loan agreement and experienced unexpected financial decline after obtaining loan proceeds, the court found that the defendant's failure to purchase the spray paint booth was insufficient to establish the defendant's intent to defraud at the time he signed the loan documents.  See id. at 1291-93.

Here, the circumstantial evidence is not so attenuated.  It is true that if the Government relies on circumstantial evidence, reasonable inferences rather than mere speculation must support the conviction.  United States v. Davis, ____ F. App'x ____, No. 14-10955, 2014 WL 4922316, at *3 (11th Cir. Oct. 2, 2014) (internal citation omitted). However, the Court applies the same test for sufficiency of the evidence regardless of whether evidence is direct or circumstantial, giving the same weight to both types of evidence.  Id.  Upon review of the evidence presented at trial, drawing every reasonable inference and credibility determination in the Government's favor, the Court concludes that there was sufficient evidence upon which the jury could conclude that Brooks received the charged images via the internet.  First, Agents Gary Snyder and James Greenmun both testified that the names of the files found on Brooks' computers were consistent with files shared on the internet.  Agent Snyder testified that the file names of the images contained terms like "pthc," meaning "pre-teen hard core," and "yr" indicating the age of the child, which allow users to search for child pornography within the file-sharing software.  Excerpt

from Proceedings - Testimony of Gary Snyder (Doc. No. 140; Snyder Testimony) at 44-45.

Similarly, Agent Greenmun testified:

> Q: And let's take a look at Exhibit 20 -- 30.[2]
> The file titles that are reflected here, are those file titles that are indicative of file-sharing programs?
> A: Due to the fact that file-sharing programs use search-term criteria in order to retrieve results, they have a tendency to have very long, very descriptive file titles encompassing many different possible search term criteria.
> So it -- and the file-sharing program investigations I work, those are -- it's very indicative of files that have been present on file-sharing programs.
> Q: Does that include such things like 9YO, 11YO, 7YO, 3YO?
> A: Yes. Those are descriptive listing in the file titles.

Excerpt from Jury Trial Proceedings - Direct Examination of Agent Greenmun (Doc. No. 144; Greenmun Direct) at 53. The Eleventh Circuit has found this type of evidence sufficient to establish that child pornography was transported in interstate commerce. See United States v. Shiver, 305 F. App'x 640, 641-42 (11th Cir. 2008).

Further, in Brooks' statement to police, which the Government introduced into evidence as Exhibits 5a (audio recording) and 5b (transcript), Brooks admitted that he uses file-sharing software on his computers, and explained that when he decides to keep a file he downloaded from the internet, he moves that file out of the download folder into another folder on his computers without changing the name of the file. See Government Exhibit 5b at 2, 5-6, 10 (stating that he downloads a lot of stuff, has used a couple of file-sharing programs at one time or another, and has downloaded child pornography "once in a while"), 16 ("No, no, uh, well, whatever I download, whatever name it is, I just leave it."); 30 ("Un,

---

[2] Exhibit 30 is a screenshot printout of a partial list of the files in Defendant's "Misc/Pics" directory, which include the files charged in Counts One and Four of the Indictment. See Greenmun Direct at 30-34.

unless I plan on keeping it long term then, then I've moved it like I told you before, like temp folder, or you know, porn folder.").

Additionally, Brooks acknowledges that he had downloaded child pornography without knowing what he was downloading, but explained that he would promptly delete these files as soon as he realized what they contained. See id. at 20-21. Despite these assertions, Agent Greenmun testified that he found a multitude of child pornography files on Brooks' computer that had been categorized in a specific folder, "Temp 1." See Greenmun Direct at 18-22, 36-38; Government Exhibits 28-31; see also Excerpt from Jury Trial Proceedings - Testimony of Anthony Durfee (Doc. No. 142; Durfee Testimony) at 18-19 (testifying to the categorization of pornography files on Brooks' computer, including roughly 100 pictures of child pornography and child erotica in the subfolder "Pics"). Agent Greenmun also testified that Brooks had used the search term "JHO," which is indicative of child pornography, and one of the names of the files on Brooks' computer contained that term.  Greenmun Direct at 39-41, 58. Lastly, Agent Snyder testified that, through identification of Brooks' IP address, he was able to determine that Brooks had numerous files available for download via file-sharing software, including seventy-two files containing child pornography, between April 23, 2012, and May 25, 2012. See Snyder Testimony at 14-16, 19.

Upon review of the evidence adduced at trial, the Court determines that there was sufficient evidence to sustain Brooks' conviction as to the five challenged counts.  The evidence was sufficient for any reasonable jury to conclude that the five different images charged in Counts One through Five were transported in interstate commerce via the

internet. Although Brooks argues that the Government failed to exclude the possibility that he obtained the images from somewhere other than the internet, such as a thumb drive or the compact disc found in his apartment, such an argument is insufficient to warrant entry of a judgment of acquittal under Rule 29. "The evidence need not 'exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.'" United States v. Robertson, 493 F.3d 1322, 1329 (11th Cir. 2007) (quoting United States v. Tinoco, 304 F.3d 1088, 1122 (11th Cir. 2002)). "'It is not necessary for the government to disprove every reasonable hypothesis of innocence, as the jury is free to choose among reasonable constructions of the evidence.'" United States v. Doe, 661 F.3d 550, 560 (11th Cir. 2011) (citation omitted). Viewing the record in the light most favorable to the Government, the Court concludes that Brooks' Motion must fail.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Oral Motion for Judgment of Acquittal (Doc. No. 121) is **DENIED**.

2. Defendant's Motion for Judgment of Acquittal (Doc. No. 133) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on this 20th day of November, 2014.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:
Counsel of Record